IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NETCHOICE, | * | |
| *Plaintiff*, | * | |
| v. | * | No. 1:25-cv-00322-RDB |
| ANTHONY G. BROWN, ET AL., | * | |
| *Defendants*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**

Defendants Anthony G. Brown and William D. Gruhn, through their counsel, move to dismiss the amended complaint (ECF 27) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. In support of their motion, Defendants state:

1. In this action, plaintiff, NetChoice, challenges the constitutionality of the Maryland Age-Appropriate Design Code Act, codified at Md. Code Ann., Com. Law §§ 14-4801 – 14-4813 (LexisNexis Supp. 2024). The Maryland Age-Appropriate Design Code Act went into effect October 1, 2024.

2. NetChoice requests this Court declare the Maryland Age-Appropriate Design Code Act unlawful, that the Maryland Age-Appropriate Design Code Act violates the First Amendment of the United States Constitution both facially and as-applied to NetChoice's members' activities, that the Maryland Age-Appropriate Design Code Act is unconstitutionally vague, that it is preempted by federal law, and that any unlawful portions of the law are not severable from the lawful portions. NetChoice also requests this Court enjoin the State and the Consumer Protection

Division of the Office of the Attorney General from enforcing the Maryland Age-Appropriate Design Code Act.

3. NetChoice does not have associational standing to bring as-applied challenges to the Maryland Age-Appropriate Design Code Act on behalf of its members.

4. The users of NetChoice's members' products have suffered no injury and, therefore, NetChoice does not have standing to bring claims on users' behalf.

5. NetChoice's claims are unsupported by sufficient factual allegations to support a facial constitutional challenge to the Maryland Age-Appropriate Design Code Act or to otherwise plausibly state a claim for which relief might be granted.

6. NetChoice has not alleged sufficient facts upon which this Court can assess NetChoice's facial challenges, and for prudential reasons, this Court should reject NetChoice's facial claims.

7. NetChoice's claims are unsupported as a matter of law.

8. Accordingly, the amended complaint fails to state a claim upon which relief might be granted by this Court.

9. In support of this motion, defendants rely on the points and authorities set forth in Defendants' Memorandum of Law in Support of their Motion to Dismiss Plaintiff's Amended Complaint filed herewith. Defendants hereby adopt and incorporate the Memorandum by reference.

WHEREFORE, Defendants request that this Court enter an order:

A. Granting defendants' motion to dismiss;

B. Dismissing all counts of plaintiff's amended complaint, with prejudice; and

C. Providing such other and further relief as is appropriate.

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland


/s/ Howard R. Feldman
_____
HOWARD R. FELDMAN
Federal Bar No. 05991
JESSICA M. FINBERG
Federal Bar No. 31529
Assistant Attorneys General
Office of the Attorney General
200 St. Paul Place, 20th Floor
Baltimore, Maryland  21202
hfeldman@oag.state.md.us
(410) 576-6445
(410) 576-6995 (facsimile)

June 20, 2025                                   Attorneys for Defendant


**REQUEST FOR HEARING**

Defendants request a hearing on their motion to dismiss.


/s/ Howard R. Feldman
_____
Howard R. Feldman

**CERTIFICATE OF SERVICE**

I certify that, on this 20th day of June, 2025, copies of Defendants' Motion to Dismiss, supporting Memorandum of Law and proposed order were served by CM/ECF on all counsel of record.

/s/ Howard R. Feldman
_____
Howard R. Feldman