UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NETCHOICE,
*Plaintiff*,

v.

ANTHONY G. BROWN, et al.
*Defendants*.

Civil Action No. 1:25-cv-00322-RDB

**PLAINTIFF'S RESPONSE TO**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants erroneously contend that *Pharmaceutical Research & Manufacturers of America v. Stolfi*, 2025 WL 2448851 (9th Cir. Aug. 26, 2025), supports the State's "argument that the Assessments under the Kids Code are not unconstitutional" and therefore that the State's motion to dismiss should be granted. ECF No. 46. In fact, *Stolfi* confirms what NetChoice has told the Court: that subjective reporting requirements—like the Maryland Age-Appropriate Design Code Act's compelled Assessments—are subject to strict scrutiny, ECF No. 40 at 23-25, and that First Amendment scrutiny cannot (in any event) be resolved at the pleadings stage. *Id.* at 31.

First, *Stolfi* confirms that compelled-speech requirements must meet heightened scrutiny and that *strict*—not intermediate—scrutiny governs here. 2025 WL 2448851, at *14-15. *Stolfi* upheld an Oregon pharmaceutical reporting law that addressed "product-specific economic information about prescription drugs"— such as "current and past list prices" and "generic alternatives." 2025 WL 2448851, at *14. The court held that these reporting requirements were "commercial speech" and therefore applied intermediate scrutiny because the reporting requirements had "no independent expressive meaning" outside of "commercial transactions." *Id.* at *15. But the court emphasized its analysis would be different, and strict scrutiny required, if the law compelled "normative view[s]" or "require[d] manufacturers to define their [activities] in value-laden,

1

state-prescribed" language, *id.*, "such as what online content is 'harmful to children.'" *Id.* at *12. The Act here compels precisely such "normative" and "value-laden" speech by requiring websites to opine on whether online services are "designed in a manner consistent with the best interests of children" and whether the websites are acting in such "best interests" and promoting children's "well-being." *See* ECF No. 40 at 23-25. Those topics are undisputedly "subjective" and "controversial from the subjective standpoint of the speakers" and therefore require strict scrutiny. *Nat'l Ass'n of Wheat Growers v. Bonta*, 85 F.4th 1263, 1278 (9th Cir. 2023).

Second, *Stolfi* only upheld the Oregon reporting requirements after applying intermediate scrutiny on a fully developed record at summary judgment. *See* 2025 WL 2448851, at *4-5. On that record, the court concluded the law "directly" advanced an important interest and was not "more extensive than necessary." *Id.* *17-19. But *Stolfi* in no way suggests a state can *avoid* its burden to satisfy First Amendment scrutiny by obtaining dismissal on the pleadings.

Dated: September 16, 2025

Respectfully submitted,

*/s/ Serena Orloff*
Serena M. Orloff*
Steven P. Lehotsky*
Scott A. Keller*
Jeremy Evan Maltz*
LEHOTSKY KELLER COHN LLP
200 Massachusetts Ave. NW, Suite 700
Washington, DC 20001
(512) 693-8350
steve@lkcfirm.com
scott@lkcfirm.com
serena@lkcfirm.com
jeremy@lkcfirm.com

2

*admitted pro hac vice*

*/s/ Andrew C. White*
Andrew C. White (Bar No. 08821)
awhite@silvermanthompson.com
Ilona Shparaga (Bar No. 21494)
ishparaga@silvermanthompson.com
SILVERMAN THOMPSON SLUTKIN &
WHITE, LLC
400 E Pratt Street, Suite 900
Baltimore, MD 21202
(410) 385-2225 (t)
(410) 547-2432 (f)

*Attorneys for Plaintiff NetChoice*

## CERTIFICATE OF SERVICE

I certify that, on September 16, 2025, the foregoing was served by CM/ECF on all registered CMF users.

*Serena Orloff*
Serena M. Orloff
