# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | | |
|---|---|---|---|
| NETCHOICE, | * | | |
|     *Plaintiff*, | * | | |
| v. | * | No. 1:25-cv-00322-RDB | |
| | * | | |
| ANTHONY G. BROWN, ET AL., | | | |
|     *Defendants*. | * | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## NOTICE OF SUPPLEMENTAL AUTHORITY

On September 9, 2025, the Ninth Circuit Court of Appeals issued an opinion, affirming in part and reversing in part the district court's decision on Netchoice's request for a preliminary injunction in *NetChoice, LLC v. Bonta*, 152 F.4th 1002 (9th Cir. 2025), a case regarding a California law regulating how internet platforms allow minors to access personalized recommendation algorithms. Defendants respectfully bring this decision to this Court's attention because Defendants relied upon the Northern District of California's decision in their memorandum of law supporting their motion to dismiss. *See* ECF 35-1, at 10-13 & nn. 10-11, 16 n.14, 20 n.16, 24,[1] 35, 38.

The Ninth Circuit largely affirmed the trial court's holdings, at least three of which are relevant to this litigation. *First*, the Ninth Circuit affirmed the trial court's holding that NetChoice lacked associational standing to bring an as-applied challenge to the law's personalized feed

---

[1] The Ninth Circuit reversed the Northern District of California's decision that restricting minors from seeing the number of likes was not a content-based regulation on speech. However, this does not change the fact that NetChoice has failed to allege that an adult monitoring a child that is not his or her own child constitutes protected speech, particularly when performed anonymously. Nor has NetChoice sufficiently alleged that "liking" or "friending," anonymously or otherwise, can reasonably be understood to constitute "monitoring" under § 14-4806(9) of the Commercial Law Article.

provisions because the court would have to undertake a "fact intensive" First Amendment analysis that would "surely vary from [member] platform to [member] platform." *Bonta*, 152 F.4th at 1013-14 (quotation marks omitted). Accordingly, determining the merits of the asserted claim and the requested relief would "require[] the participation of individual NetChoice members, making associational standing inappropriate." *Id.* at 1014.

*Second*, the Ninth Circuit affirmed that NetChoice was unlikely to succeed on its facial claim regarding the personalized feeds provision because (1) determining which personalized recommendation algorithms constitute protected expressive activity and which do not is fact-intensive; (2) NetChoice "failed to develop a record that would allow the court to determine the law's full set of applications, cataloging what activities, by what actors the law regulates;"[2] and (3) NetChoice failed to show that the unconstitutional applications of the challenged law substantially outweighed the constitutional ones. *Id.* at 1021-22 (quotation marks omitted). *Third* and finally, the Ninth Circuit affirmed that the challenged law was not impermissibly vague, even where it used language such as "significant part" and "primary purpose" which NetChoice argued was "standardless." *Id.* at 1023.

The Ninth Circuit's holding here further supports Defendants' argument that NetChoice's amended complaint, ECF 27, should be dismissed.

---

[2] The Ninth Circuit notes that "current constitutional doctrine may make such a showing unrealistic." *Id.* at 1021. While NetChoice sought a preliminary injunction in *Bonta*, and the case before this Court is still in the pleadings stage, the Ninth Circuit also noted when explaining its decision that "unchallenged applications of a statute must be assumed constitutional for purposes of a facial challenge." *Id.* at 1022. Here, NetChoice has not even attempted to allege the full range of applications of the law and accordingly has not sufficiently alleged that the unconstitutional applications of the Kids Code outweigh the constitutional ones such that, even if all allegations are true, facial relief can be granted. *See* ECF 35-1, at 18-19; ECF 45, at 4-5.

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland

/s/ Jessica M. Finberg

_____
JESSICA M. FINBERG
Federal Bar No. 31529
HOWARD R. FELDMAN
Federal Bar No. 05991
Assistant Attorneys General
Office of the Attorney General
200 St. Paul Place, 20th Floor
Baltimore, Maryland 21202
jfinberg@oag.state.md.us
(410) 576-6921

October 29, 2025　　　　　　　　　　　Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify that, on this 29th day of October, 2025 the foregoing was served by CM/ECF on all registered CMF users.

/s/ Jessica M. Finberg
Jessica M. Finberg