IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NETCHOICE, | * | |
| *Plaintiff*, | * | |
| v. | * | No. 1:25-cv-00322-RDB |
| | * | |
| ANTHONY G. BROWN, ET AL., | * | |
| *Defendants*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANTS' RESPONSE TO PLAINTIFF'S
### NOTICE OF SUPPLEMENTAL AUTHORITY

*NetChoice v. Weiser*, No. 25-cv-2539-WJM-KAS, 2025 WL 3101019 (D. Colo. Nov. 6, 2025) is inapposite to the case before this Court. There, the U.S. District Court for the District of Colorado considered NetChoice's challenges to a Colorado law requiring social media companies to publish to minors information regarding the negative impacts of social media use on minors' health. 2025 WL 3101019, at *2, *6. Colorado argued that the disclosure should be evaluated under the commercial speech standard set forth in *Zauderer v. Office of Disciplinary Counsel*. 471 U.S. 626 (1985). The court disagreed and applied a strict scrutiny standard. *Weiser*, 2025 WL 3101019, at *10-12. The District of Colorado found that the law at issue was not the least restrictive means to achieve Colorado's stated interest of "informing youth about the risks of excessive social media use" and therefore did not pass muster under strict scrutiny and should therefore be enjoined. *Id.* at *12-13.

But the Maryland Kids Code and its Assessment requirement is a very different regulation in three key respects: *First*, the Kids Code does not single out social media companies. *See* Maryland Code Ann., Com. Law § 14-4801(h)(1). *Second*, the Kids Code regulates data privacy and data processing practices in order to ensure online products that process user data are safe for

children.  (ECF No. 35-1, at 19-20.)  As part of the Assessment requirement, covered entities are only required to consider their data processing practices and whether those practices could reasonably foreseeably lead to severe harms to minors.  *See* Com. Law § 14-4804(3).  This is not a vague standard.  (*See* ECF No. 35-1, at 34-39, ECF No. 45, at 19-20.)  Covered entities are not required to opine about whether excessive use of their products as a whole could be dangerous.  *Third*, the Kids Code does not require the companies to disclose anything to the public or any subset of users or to publicly stand by any position.  Under the Kids Code, covered entities only disclose their own conclusions to the government on the attorney general's request, and that disclosure is not subject to Public Information Act requests nor does it waive any applicable privileges to prevent other types of disclosure.  *Id.* § 14-4807.

The Kids Code does not regulate speech, impermissibly compel speech, or otherwise offend First Amendment principles.  (*See generally* ECF Nos. 35-1, 45.)

    Respectfully submitted,

    ANTHONY G. BROWN
    Attorney General of Maryland

    /s/ Jessica M. Finberg
    _____
    JESSICA M. FINBERG
    Federal Bar No. 31529
    HOWARD R. FELDMAN
    Federal Bar No. 05991
    Assistant Attorneys General
    Office of the Attorney General
    200 St. Paul Place, 20th Floor
    Baltimore, Maryland  21202
    jfinberg@oag.state.md.us
    (410) 576-6921

November 12, 2025    Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I certify that, on this 12th day of November, 2025 the foregoing was served by CM/ECF on all registered CMF users.

/s/ Jessica M. Finberg
Jessica M. Finberg
