**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **NETCHOICE,** | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Case No. 1:25-cv-00322-RDB |
| **ANTHONY G. BROWN et al.,** | * | |
| *Defendants*. | * | |
| | * | |

* * * * * * *

**MEMORANDUM OPINION AND ORDER**

Plaintiff NetChoice ("Plaintiff") filed the instant case on February 3, 2025, which challenges Maryland's Age-Appropriate Design Code Act (the "Kids Code") against Defendants Anthony G. Brown and William D. Gruhn ("Defendants"), the Attorney General for the State of Maryland and the Chief of the Division of Consumer Protection, respectively. (ECF No. 1). On April 22, 2026, United States District Judge Richard D. Bennett referred this case to the undersigned for all discovery and related scheduling. (ECF No. 81).

Presently pending before the Court is Plaintiff's Motion for a Protective Order.[1] (ECF No. 96). In response, Defendants filed an opposition to the Motion and its own proposed protective order. (ECF No. 106; ECF No. 106-1). The Court has also considered Plaintiff's Reply thereto (ECF No. 109).[2] The motion is substantively fully briefed (ECF Nos. 96, 106, 109) and no hearing

[1] On July 28, 2026, the undersigned issued his Memorandum Regarding Informal Discovery, which set forth the procedures by which the parties could seek Court intervention for discovery disputes. (ECF No. 95). By instead filing a Motion for Protective Order, Plaintiff is not in compliance with the process outlined in the Court's Memorandum. Nonetheless, the Court will address Plaintiff's motion rather than delay resolution by ordering compliance.

[2] Plaintiff has also filed a Motion to Amend its Reply to clarify some citations that is not yet fully ripe for decision. (ECF No. 110). Plaintiff's proposed amendments, however, even if accepted by the Court, do not alter the Court's analysis.

is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth below, Plaintiff's Motion for Protective Order (ECF No. 96) is DENIED, however the Court will enter Defendants' requested protective order (ECF No. 106-1), but with important modifications. Defendants should re-submit the order incorporating the Court's modifications within seven (7) days of the date of this order.

## I. BACKGROUND

Relevant to the instant Motion, Plaintiff is a nonprofit trade association. Plaintiff filed its initial Complaint on February 3, 2025, which was then amended on April 28, 2025. (ECF Nos. 1, 27).[3] The Amended Complaint challenges the constitutionality of the "Kids Code" that requires websites to ensure the "best interests of children" when they disseminate speech. *See* Md. Code, Com. Law § 14-4801(c). Plaintiff seeks declaratory and injunctive relief under 28 U.S.C. § 2201(a) and 1651. Defendant moved to dismiss Plaintiff's Amended Complaint on March 28, 2025. (ECF No. 20).

In his ensuing Memorandum Opinion and Order of November 24, 2025, Judge Bennett denied the motion to dismiss and extended the deadline for Defendants to file their Answer to Plaintiff's Amended Complaint. *See generally* (ECF Nos. 58, 59). On January 6, 2026, the Court issued an initial scheduling order. (ECF No. 68).

The parties engaged in discovery. Defendants responded to Plaintiff's request for production on April 13, 2026. (ECF No. 94 at 1). Defendants agreed to produce other documents but made clear that they would not do so without an agreement in place regarding non-waiver and

[3] When the Court cites to a particular page, paragraph number, or range of pages/paragraph numbers, the Court is referring to the page numbers located in the electronic filing stamps provided at the top of each electronically filed document and the numbered paragraphs therein.

clawback processes. (*Id*.). On May 7, 2026, Defendants sent a proposed stipulated protective order to Plaintiff's counsel. (*Id*. at 2).

Plaintiff served its responses and objections to Defendants' two requests for documents on May 4, 2026, and August 21, 2026. (ECF No. 106 at 6). Plaintiff agreed on both occasions to produce certain documents, but has yet to produce any documents to Defendants. (*Id*.) Plaintiff expressed its desire for a protective order and overall concerns regarding the Maryland Public Information Act ("the MPIA") and potential document requests (a "PIA request") that could make certain discovery materials accessible to the public. (*Id*. at 6-7). The parties met and conferred on multiple occasions regarding terms for a potential protective order. *See generally* (ECF Nos. 96, 106). Nonetheless, the parties reached an impasse and Plaintiff filed this Motion. (ECF No. 96).

## II. ANALYSIS

At the outset, it is important to define the exact issue before the Court. The issue is not whether the public's common law presumptive right of access to judicial materials for the purpose of assessing the functions of the courts and the actions of judicial officers extends to non-judicial materials exchanged in discovery. It does not. *See, e.g., In the Matter of the Petition of Grace Ocean Private Ltd., et al.*, 2025 WL 3208144, Civ. No. 24-0941-JKB (D.Md. Nov. 17, 2025). Nor is the issue whether a court-- notwithstanding first amendment concerns, generalized concerns of public access or the obligations of a government transparency statue-- has the authority, either by sealing or by protective order, to prevent the further dissemination of materials obtained through the civil discovery process. It does. *See, e.g., Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984); Mata *Chorwadi, Inc. v. City of Boynton Beach*, 2020 WL 2516979, at *3 (S.D. Fla. May 18, 2020). Rather, the Court is faced with the question of whether

materials obtained in discovery that do not otherwise qualify for protection by the Court risk production by the State to third parties via a statutory transparency statute such as the MPIA. This precise question appears to be a novel one, as neither side has presented the Court with caselaw specifically addressing it. The Court is also not prepared to address it directly now, especially in the absence of a particular PIA request and a specific document. Instead, the Court views the current question more narrowly: whether good cause exists under the current posture of the case for the Court to enter a protective order preventing the re-disclosure to third parties pursuant to the MPIA of *any* material Plaintiff might produce in discovery. The Court finds that it does not, at least not as to the blanket order sought. The Court does, however, find good cause for protection of discovery materials that Plaintiff might designate as "confidential," under the Court's expanded definition of that term to incorporate Plaintiff's articulated concerns as described below.

Plaintiff seeks a protective order to prevent the public disclosure of any discovery materials produced during the course of litigation in the event Defendants receive a PIA request. Plaintiff argues, without citing direct case authority,[4] that the MPIAA does not apply to information that Defendants receive through civil discovery unless and until those documents are filed with the Court, at which point the Court's own rules regarding public access control, not the provisions of the MPIAA. (ECF No. 96 at 5-6). Plaintiff also asserts that there is good cause for a protective order to shield against the disclosure of documents produced in the event of a PIA request given

[4] Plaintiff cites *In re Committee on the Judiciary, U.S. House of Representative*, 951 F.3d 589, 594 (D.C. Cir. 2020), *vacated and remanded*, 142 S.Ct. 46 (2021), for the proposition that "discovery materials produced by private parties 'are not subject to [public records law] disclosure requirements . . . even if they are in the possession of the' government." (ECF No. 96 at 6). But that case very specifically dealt with whether a House committee could obtain grand jury materials otherwise controlled and protected by the court pursuant to Rule 6(e) of the Federal Rules of Criminal Procedure, not whether discovery between private parties in a civil case not otherwise protected or controlled by the Court was subject to FOIA disclosure, a question not addressed by the court, even in dicta.

the chilling effect that such disclosure would have on Plaintiff's communications with its members and the discovery process itself. (*Id*.; ECF 109-1). Defendants counter that the matter is not ripe for consideration because Plaintiff has not produced any documents nor has the Attorney General's Office received a PIA request. (ECF No. 106 at 3). Defendants also request that this Court issue their "reasonably tailored" protective order instead of Plaintiff's blanket protective order that would apply to information produced during discovery, including the ability to limit further dissemination of discovery materials marked with certain designations, including "confidential." *Id*. at 17-18.

1. *Plaintiff's question of whether the MPIA compels disclosure of documents received by Defendants not otherwise subject to a protective order is not sufficiently specific for decision at this time.*

Contrary to Plaintiff's argument, the question of whether the MPIA compels disclosure of discovery materials received by Defendants and not otherwise protected by the Court is not yet appropriately before the Court for consideration. There have been no documents produced by Plaintiff nor has a PIA request been received by the Defendants. Plaintiff's concerns regarding the chilling effect that the potential for public disclosure of a document produced in discovery as set forth in its affidavit (ECF No. 109-1), while potentially compelling as to *some* documents (such as those relating to matters described in Paragraph 8 of its affidavit (ECF No. 109-1 at 4), have not convinced the Court that those concerns are compelling as to *any* document that Plaintiff might produce (e.g., its mission statement or documents supporting its 501(c)(6) status). Though the Court agrees that Article III "case or controversy" justiciability concerns raised by Defendants are not a perfect fit for the prematurity the Court is describing, the lack of current specificity to guide this Court's decision-making both in determining whether a document would be subject to MPIA disclosure and whether Plaintiff has shown the requisite specific prejudice or harm to establish

good cause under Rule 26(c) of the Federal Rules of Civil Procedure is analogous. Any determination regarding a duty of production is contingent on what document or documents are at issue, and any such prejudice or harm is fully contingent upon a decision to be made by a third party that has not yet acted. Plaintiff has neither produced any documents nor have Defendants received a PIA request to warrant a decision from this Court concerning the applicability of the MPIA. Indeed, Defendants may never receive one. Additionally, even in the event a PIA request is filed, Defendants may determine that, "pursuant to mandatory or discretionary exceptions to disclosure codified in the [MPIA]," it will not produce documents in response to the request. (ECF No. 106 at 11). Finally, as described more fully below, the Court, through modification of Defendants' proposed protective order, is providing a framework for addressing such situations in the event they arise that adequately protects Plaintiff's interests.

2. *Plaintiff's request for a blanket protective order does not satisfy the "good cause" requirement of Rule 26(c).*

The Court now turns to the entry of a protective order to govern the exchange of discovery in this case. Rule 26(c) provides that, upon a showing of good cause, "[t]he court may, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking a protective order has the burden of establishing "good cause" by demonstrating that "specific prejudice or harm will result if no protective order is granted." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). A party may not rely upon "stereotyped and conclusory statements," but must present a "particular and specific demonstration of fact," as to why the Court should issue a protective order. Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2035 (1994) (citations omitted) [hereinafter Wright & Miller]; 10 Fed. Proc., L.Ed. § 26:181 (last updated June 2006) (citations omitted); *see also Merit Industries, Inc. v. Feuer,* 201 F.R.D. 382, 384–385 (E.D. Pa. 2001) ("Broad allegations of harm,

unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing."); *see Medlin v. Andrew*, 113 F.R.D. 650, 653 (M.D. N.C. 1987) (burden of demonstrating good cause is a heavy one) (citation omitted).

While the "good cause requirement creates a rather high hurdle" for parties, *Baron Fin. Corp. v. Natanzon,* 240 F.R.D. 200, 202 (D. Md. 2006), Rule 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Furlow v. U.S.*, 55 F. Supp. 2d 360, 366 (D. Md. 1999) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)); Wright & Miller § 2036 (citations omitted).

Plaintiff claims that the "good cause" standard of Rule 26(c) is met because (1) disclosure will "chill litigants from exercising their constitutional rights to challenge government action" and (2) they will be unable to "protect [its] members' confidentiality interests." (ECF No. 96 at 8; ECF 109-1). However, while these concerns might indeed be applicable as to *some* documents, the Court agrees with Defendants that Plaintiff has failed to demonstrate "good cause" as to *any* possible document it might be called upon to produce, as their request for a blanket protective order lacks a more specific showing of harm. Plaintiff has not adequately shown that the MPIA's provisions, in conjunction with the modified protective order this Court is prepared to enter, are unable to protect against disclosure that would violate state and federal law. *See e.g.*, Gen. Provis. § 4-301(a) (prohibiting disclosure of privileged documents or where dissemination is prohibited by court rules or court order); *id.* § 4-335 (prohibiting disclosure of trade secrets and confidential commercial or financial information). Nevertheless, the Court recognizes that both parties will benefit from a reasonably tailored protective order to provide a framework for Plaintiff to shield specific documents for good cause, and, more generally, for both parties to shield privileged information from inadvertent disclosure and assist with the flow of document production.

As for the Defendants' requested protective order provisions, the Court finds that Defendants have provided sufficient reasoning to satisfy the "good cause" standard of Rule 26(c) and have proffered an acceptable protective order that will protect both parties' interests once certain modifications as described herein are made. Defendants argue that the "good cause" standard is met because (1) the parties will benefit from a shield to prevent the inadvertent waiver of privilege through the inadvertent production of a document that should have been redacted or withheld and (2) the parties will be able to more efficiently proceed through discovery and privilege disputes because of the procedures included in the order for privilege challenges and clawbacks. *See* (ECF No. 106 at 21-23). The Court agrees that the inadvertent disclosure of privileged information, for example, internal communications within the Maryland Consumer Protection Division and between Assistant Attorney Generals, will cause serious injury and the measures provided in the protective order will adequately shield against such harm. (*Id*. at 23).

Further, the proposed order allows the parties to designate information as "CONFIDENTIAL", in accordance with the Federal Rules of Evidence. (ECF No. 106-1 at 3) ("For purposes of this Order, "privilege" or "privileged" includes, but is not limited to, Documents constituting attorney-client communications, work product or information prepared in anticipation of litigation as defined under applicable law and material protected by a joint-defense or common interest privilege, executive privilege, law enforcement or investigatory privilege, legislative privilege, deliberative process privilege, First Amendment privilege, and/or official information privilege, as applicable."). Also, it includes reasonable procedures for privilege challenges and clawbacks as Defendants are rightly concerned by the need to "more efficiently" proceed with discovery. *See* (*Id*. at 3-7).

Importantly, the proposed order includes a notice-and-opposition provision that partially addresses Plaintiff's disclosure concerns, as the order includes language requiring the receiving party to promptly notify the producing party if they receive a subpoena or request under the MPIA, giving Plaintiff ample opportunity to act. (*Id*. at 9-10). Defendants' proposed order is somewhat vague as to what steps Plaintiff would take to secure such protection in a timely fashion. To bring some clarity to that, although the Court disagrees that the blanket order against disclosure under the MPIA for *any* discovery produced by Plaintiff is justified, the Court will order that Defendant's proposed order be modified to reflect that any material that Plaintiff in good faith designates as "Confidential" will not be produced pursuant to the MPIA or other third party request absent successful challenge to such designation under the procedures set forth in current Paragraph 18 of Defendant's proposed order. Additionally, the definition of "Confidential" will be expanded to include documents reflecting the matters described in Paragraph 8 of Plaintiff's affidavit. (ECF No. 109-1 at 4). The notice provisions currently contained in Paragraph 25 will govern materials not designated as "Confidential" and Plaintiff may utilize the reverse PIA procedure or take other appropriate action to contest disclosure, including by challenging disclosure in this Court in the current action. Those procedures will be modified such that no disclosure shall take place until any such actions pursued by Plaintiff have been resolved.

The Court concludes that these modifications appropriately mitigate the chilling effects referred to by Plaintiff with the public interests covered by the MPIA. Additionally, this Court's entry of the modified protective order insulates Defendants from charges of noncompliance with the MPIA. *See, e.g., Mata Chorwadi, Inc. v. City of Boynton Beach*, 2020 WL 2516979, at *3 (S.D. Fla. May 18, 2020) and cases cited therein (observing that under the Supremacy Clause, a court order governing discovery disclosures supersedes state law public records laws in the event

such a law is interpreted as extending to discovery materials.). Therefore, the Court denies Plaintiff's Motion and endorses Defendants' proposed protective order with the Court's modifications as described herein. Defendants should resubmit their proposed protective order with those modifications within seven (7) days of the date of this order for approval by the Court.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's requested relief (ECF No. 96) is DENIED. Defendants' proposed protective order should be re-submitted as modified herein, for the Court's approval within seven (7) days of the date of this order.

Date: September 23, 2026

J. Mark Coulson
United States Magistrate Judge